Nathaniel Clark (State Bar No.276621)
Nathanielc@mandarichlaw.com
MANDARICH LAW GROUP LLP
6301 Owensmouth Avenue
Woodland Hill,s CA 91367
(818) 264-0108 Telephone
(818) 888-1260 Facsimile

Attorneys for Defendants
MANDARICH LAW GROUP, LLP
CACH, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KAVANAUGH,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CACH, LLC AND MANDARICH LAW GROUP, LLP,<br><br>　　　　　Defendants. | CASE NO. 3:12-cv-01111-H-BGS<br><br>NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S ROSENTHAL CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: June 18, 2012<br>Time: 10:30am<br>Courtroom: 13, Fifth Floor |

PLEASE TAKE NOTICE that on June 18, 2012 at 10:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 13, Fifth Floor, of the above-entitled Court, located at 940 Front Street, San Diego, CA 92101-8900, Defendants CACH LLC ("Cach"), and MANDARICH LAW GROUP, LLP ("Mandarich) (collectively "Defendants") will move to strike Count II of the Complaint of Plaintiff ROBERT KAVANAUGH ("Plaintiff") pursuant to Cal. Code Civ. P. § 425.16.

The grounds for this Motion are that Count II of the Complaint should be stricken because the conduct complained of is protected by California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16. Count II is based upon Defendants' exercise of the constitutional right to petition. Specifically, Count II of Plaintiff's complaint alleges violations of the §§1788-1788.32 (the "Rosenthal Act") based upon Defendants' filing and participation in a state court action (the "State Court Action") against him. California courts are clear that the filing and participation in litigation is a protected activity subject to California's anti-SLAPP statute. *See, Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1099 (N.D. Cal. 2003); *Lutge v. Eskanos & Adler, P.C.*, 2007 U.S. Dist. LEXIS 40570 (N.D. Cal. 2007). Thus, pursuant to Cal. Code Civ. P. § 425.16, Count II of Plaintiff's Complaint must be stricken and Defendants awarded the attorneys' fees and costs expended in pursuit of this motion.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Proposed Order filed and served concurrently herewith, all papers and pleadings on file, and on such further oral and documentary evidence that may be offered at the Motion hearing.

DATED: May 8, 2012                               MANDARICH LAW GROUP, LLP


                                                 By      /s/
                                                     Nathaniel Clark
                                                     Attorneys for Defendants
                                                     MANDARICH LAW GROUP LLP
                                                     CACH, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff filed Count II of his complaint purporting to state a claim for relief against Defendant for violations of Cal Civ. Code §§17-88-1788.32 (the "Rosenthal Act").[1] Specifically, Plaintiff alleges that Cach through Mandarich, Cach's counsel, filed a lawsuit in state court against Plaintiff (Case No. 30-2011-00530882) based on a consumer account in default. *See,* Exhibit A, Complaint ¶26-27. Plaintiff surmises that the purpose of this case was not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to settle the action. Complaint ¶28. Plaintiff further alleges that Cach and Mandarich brought causes of action for Breach of Contract, and Account Stated even though the causes of action had no merit, or evidentiary support, and were brought for the sole purpose of coercing Plaintiff to pay his debt. Complaint ¶29-30. Through this conduct, Plaintiff alleges that Mandarich and Cach violated California Civil Code §1788.17, which incorporates by reference §1692(e), (e)(10), and (e)(f) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* Complaint ¶39-41. Clearly, Count II is purely based upon Defendants exercise of their constitutional right to petition government as each allegation is based upon the filing and pursuit of a state court

---

[1] Plaintiff also brings a claim under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* in Count I of Plaintiff's Complaint. Defendant does not bring challenge to that claim under Cal. Code Civ. P. § 425.16.

3

lawsuit filed on behalf of Cach by Mandarich. Defendants respectfully submit that Count II of the Complaint should be stricken because the conduct complained of is protected by California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16

## II.

## STANDARD

Under California's anti-SLAPP statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. P. § 425.16(b)(1); *Washington v. Richards*, 2011 U.S. Dist. LEXIS 89434 (S.D. Cal.2011). The first step in the analysis is to determine whether the Defendant has made the required threshold showing that the Complaint arises from protected activity, that is, conduct "in furtherance of [its] right[s] of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue[.]" § 425.16 (b)(1). California's anti-SLAPP statute defines an "act in furtherance of a person's right of petition or free speech. . . in connection with a public issue" as:

> (1) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, . . . or (4) any other conduct in furtherance of the exercise of the

4

constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Cv. P. § 425.16(e). The focus is not on the form of the plaintiff's claims, but instead on the defendant's activity that gives rise to his alleged liability and whether it amounts to protected speech. *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598 (9th Cir. 2010). In deciding whether the "arising from" requirement is satisfied, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." § 425.16(b)(2). Courts look to the "principal thrust or gravamen of the plaintiff's cause of action [to] determine whether the anti-SLAPP statute applies." *Martinez v. Metabolife Internat. Inc.*, 113 Cal. App. 4th 181, 187 (2003).

In the second step of an anti-SLAPP analysis Plaintiff must demonstrate, through competent and admissible evidence, a probability of success on the merits of his claims. In making its determination, the "court must accept as true all evidence favorable to the plaintiff and assess defendant's evidence only to determine if it bars plaintiff's submissions as a matter of law." *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 699-700 (2007). Courts have determined that this requires plaintiff to "demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment[.]" *Navellier v. Sletten*, 29 Cal.4th 82, 88-89 (Cal. 2002); *see also, Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001) ("a SLAPP motion, like a

summary judgment motion, *pierces* the pleadings and requires an evidentiary showing") (emphasis in original).

## III.

## ARGUMENT

A.     Count II of Plaintiff's Complaint Arises from a Protected Activity.

There can be no doubt that Count II of Plaintiff's Complaint arose from the filing of and participation in the State Court Action. Plaintiff bases his violations of the Rosenthal Act directly on actions allegedly taken by Defendants in the State Court Action. For example, he surmises that Defendant's true purpose in pursuing litigation was only to cause Plaintiff financial hardship and thus, an unconscionable means to collect a debt. Complaint ¶27-28, 40. Further, he alleges that the State Court Action had no merit or evidentiary support and Defendants knew or should have known allegations in the state court complaint were untrue. Complaint ¶30-34. From this baseless speculation, Plaintiff claims violations of §1692e, e(10), and (f) and the Rosenthal Act. Complaint §39-40.

But Plaintiff cannot base a Rosenthal Act claim on the filing and prosecution of litigation against him in the State Court proceeding. "California courts have held that 'the constitutional right to petition includes the basic act of filing litigation or otherwise seeking administrative action.'" *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1099 (N.D. Cal. 2003). By logical extension, the right to petition also necessarily includes participation in the litigation as well. *Lutge v. Eskanos & Adler, P.C.*, 2007 U.S. Dist. LEXIS 40570 (N.D. Cal. 2007). In addition, in

interpreting the scope of a section 425.16 motion to strike, courts have "adopted a fairly expansive view of what constitutes litigation-related activities." *Kashian v. Harriman,* 98 Cal. App. 4th 892, 908 (2002). The scope of protected litigation activities broadly includes communication, including statements to the court and other, non-speech conduct. *See, e.g., Susan S. v. Israels,* 55 Cal. App. 4th 1290, 1300-01 (1997). Further, acts arising out of a law firm's pursuit of claims on behalf of its client is clearly a protected activity subject to an anti-SLAPP motion. *Myers v. Hunt & Henriques,* 2012 U.S. Dist. LEXIS 36130 (E.D. Cal. 2012). Therefore, as Plaintiff's claim under the Rosenthal Act arises directly from Defendants' litigation activity in the State Court Action, it is properly the subject of a section 425.16 motion to strike.

**B. Plaintiff Cannot Demonstrate a Probability of Success on the Merits.**

Cach, through its legal counsel Mandarich, filed the State Court Action against Plaintiff on or about December 19, 2011. *See,* State Court Complaint, Exhibit B. The State Court Complaint brings two causes of action in the alternative against Plaintiff as a result of Plaintiff's failure to pay on a defaulted credit account assigned to Cach by Metris. *See,* Ex. B; Plaintiff's Discovery Responses in State Court Action, Exhibit C. Contrary to Plaintiff's baseless assertion otherwise, Defendants are in possession of evidentiary support for Cach's claims. As examples, Defendants are in possession of a cardholder agreement, bill of sale with loan schedule, as well as multiple cardholder statements. In fact, Plaintiff's assertion otherwise is perplexing considering that Plaintiff was provided with this

information in discovery in the State Court Action. *See* Proof of Service, Exhibit D. There can be no doubt that Defendants provided evidence of Cach's claims. Tellingly, it must be noted that Plaintiff has not even alleged that he does not actually owe the debt at issue and instead "takes no position as to the validity of [the] alleged debt." Complaint, ¶ 24.

Furthermore, although Plaintiff concludes that Defendant's purpose for prosecuting the lawsuit was "not to pursue legitimate litigation", Plaintiff has no evidence of this claim. Complaint, ¶28. Like the rest of Plaintiff's Complaint, such as assertion is mere speculation and conjecture. Plaintiff and Defendant are currently in the midst of discovery in the State Court Action. Accordingly, there can be no doubt that Plaintiff will not be able to demonstrate a probability of success on the merits of his claim. This Court should see Plaintiff's Complaint for what it is; a retaliatory attempt by Plaintiff to punish Defendant's for exercising their constitutional rights to petition to state courts for relief.

///

///

## IV. CONCLUSION

For the foregoing reasons, as it is clear that Plaintiff's Complaint arises from a protected activity and Plaintiff will not succeed on the merits, Defendant respectfully request that Count II of Plaintiff's Complaint be stricken, Defendant's be granted their attorneys' fees and costs in pursuit of this matter, and for any other relief this Honorable Court deems just.

DATED: May 8, 2012       MANDARICH LAW GROUP, LLP

By    /s/
Nathaniel Clark
Attorneys for Defendants
MANDARICH LAW GROUP LLP
CACH, LLC